UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CALVIN LESLIE, | Case No.: 3:25-cv-00521-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-1, 1-2 |
| DR. BERNSTEIN, et al., | |
| Defendants | |

Plaintiff, who is an inmate in the custody of the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis (IFP) (ECF No. 1), a pro se complaint (ECF No. 1-1), and a motion for appointment of counsel (ECF No. 1-2).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the

benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that, as of October 3, 2025, his average monthly balance for the prior six months was $2.83, and his average monthly deposits were $30.00. His current account balance, as of October 3, 2025, was $0.15.

Plaintiff's application to proceed IFP will be granted, but the court will not require payment of an initial partial filing fee. Whenever Plaintiff's prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

In his complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff asserts claims against Dr. Bernstein, "Caseworker Jennifer", and "Caseworker Lady," all of North Vista Hospital. Plaintiff alleges that he had a business called C&LM Housing Placement and Referral Services, and that from 2017 to 2019, hospitals in Las Vegas would contact him about clients they claimed were independent but who were in fact not, despite the fact his flyers stated independent living only. (ECF No. 1-1 at 2-3.) Dr. Bernstein repeatedly contacted Plaintiff in 2018 asking for help in setting up an independent living home, but unbeknownst to Plaintiff, Dr. Bernstein was working with the police and, along with Jennifer, was trying to frame Plaintiff and did not tell Plaintiff the

truth about the clients he was asked to pick up from the hospital. (ECF No. 1-1 at 3.) Dr. Bernstein knew Plaintiff was being targeted by the police but did not inform him. (*Id.*) Plaintiff describes his claim as "Failure to Inform" and "Framed Me." (*Id.*)

Plaintiff has failed to state any colorable claim for relief.

Even assuming Plaintiff's allegation that Dr. Bernstein and Jennifer were working with police were sufficient to state a plausible claim that they acted under color of state law for purposes of § 1983, plaintiff does not explain what happened as a result of Dr. Bernstein and Jennifer's alleged cooperation with police, *i.e.*, whether Plaintiff accepted the patients from the hospital and what, if anything, happened as a result – such as an arrest, criminal charges and/or a conviction. Without more, it is impossible to ascertain what claims Plaintiff might plausibly be alleging.

To the extent Plaintiff's allegation that Bernstein and Jennifer "framed" him means he believes they entrapped him into committing an offense he would not otherwise have committed, entrapment is not, standing alone, a cognizable constitutional violation. *See Yoe v. Las Vegas Metro Police Dep't Vice Unit*, No. 2:24-CV-02425-GMN-EJY, 2025 WL 2382515, at *2–3 (D. Nev. June 16, 2025), *report and recommendation adopted as modified sub nom. Yoe v. Las Vegas Metro. Police Dep't Vice Unity*, No. 2:24-CV-02425-GMN-EJY, 2025 WL 2382214 (D. Nev. Aug. 15, 2025) (citing *United States v. Russell*, 411 U.S. 423, 430 (1973) and *Sanchez v. Washington*, Case No. 21-5915 RJB, 2022 WL 2106164, at *3 (W.D. Wash. June 10, 2022)).

If what Plaintiff means by "framing" is that Dr. Bernstein and Jennifer manufactured a crime that could be pinned on Plaintiff, it is possible he is attempting to allege a violation of his due process right "not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Miranda v. City of Casa Grande*, 15 F.4th 1219,

1228 (9th Cir. 2021); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001). But if this is what Plaintiff is alleging, he has not sufficiently stated his claim.

As noted above, he does not allege that he faced criminal charges as a result of Dr. Bernstein's and Jennifer's actions. He does not allege what happened with any charges. If Plaintiff was ultimately convicted on those charges but the conviction has not been invalidated, expunged, reversed or called into question by a federal court's issuance of a writ of habeas corpus, the claim cannot be pursued in this § 1983 action, because success on this claim would "necessarily imply the invalidity" of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.") (internal punctuation and citations omitted). *Cf. McDonough v. Smith*, 588 U.S. 109, 119–20 (2019) ("There is not a complete and present cause of action . . . to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing. Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*, . . . will the statute of limitations begin to run.").

Finally, failing to inform someone that they are being investigated by the police does not amount to a constitutional violation. *Moulin v. City of Cent. Point*, No. 1:17-CV-00857-CL, 2022 WL 2442236, at *13 (D. Or. Apr. 1, 2022), *report and recommendation adopted*, No. 1:17-CV-00857-CL, 2022 WL 2440046 (D. Or. July 5, 2022) ("[T]he subjects of crimina[l] investigations

have no unabridged constitutional right to be informed that they are the subject of criminal investigation.").

Because it is possible -- if perhaps unlikely -- that Plaintiff could state a claim for relief if granted leave to amend his complaint, the court will dismiss the complaint without prejudice, with leave to amend.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel. "[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015).

At this juncture, Plaintiff has failed to state any claim for relief. Accordingly, Plaintiff's motion for appointment of counsel will be denied without prejudice.

### IV. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**. The court will not require payment of an initial filing fee. However, whenever Plaintiff's prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the

preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed or is otherwise unsuccessful. The Clerk must SEND a copy of this Order to the attention of Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

(2) The Clerk will **FILE** the complaint (ECF No. 1-1).

(3) The complaint will be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**.

(4) The motion for appointment of counsel (ECF No. 1-2) is **DENIED WITHOUT PREJUDICE**.

(5) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(6) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint curing the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the first amended complaint on the court's form civil rights complaint. If Plaintiff fails to file an amended complaint within the 30 days, this action may be dismissed.

**IT IS SO ORDERED**.

Dated: October 20, 2025

_____
Craig S. Denney
United States Magistrate Judge